

Chadbourne & Parke LLP
1301 Avenue of the Americas
New York, NY 10019
telephone: (212) 408-5100

Abbe David Lowell
direct tel 212-408-1170
alowell@chadbourne.com

January 14, 2016

**SENT UNDER SEAL / CONFIDENTIAL**

<u>**BY EMAIL**</u>

The Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007
CaproniNYSDChambers@nysd.uscourts.gov

Re: *U.S. v. Silver*, 15-cr-00093-VEC (S.D.N.Y.)

Dear Judge Caproni:

  We represent the individual who was the subject of a motion *in limine* in the above-referenced case. As I understand it, before trial, the government had suggested that it might want to inquire of Mr. Silver concerning his dealings with our client as part of its case-in-chief or if Mr. Silver testified. The motion *in limine* and briefings addressed the relevance and other admissibility of this issue. The motion and proceedings about it were sealed, and ultimately the line of questioning did not occur.

  It has been brought to our attention that the Court has asked the parties whether the motion and pleadings should remain sealed now that the trial has ended. I am writing to request that, on behalf of the person actually involved in the motion, we can be part of the Court's consideration of this issue. Our client's interest is obvious, but to be able to represent our client's interests and be helpful to the Court, we would like to see the pleadings and transcript of the proceeding. It is possible that the references are such that there would be no concern about unsealing. On the other hand, it might be that our client's identity and the topics are so clear that a connection would be made and her privacy unnecessarily invaded. It might be that any issue can be addressed through redactions instead of continued sealing. The issue, among others, is whether it is fair for one side or another in a trial or proceeding to propose the use of something that might not be at all relevant or otherwise admissible, for that item not to be used, but that the person involved still be injured by something that need not have been raised in the first place.

  In any event, before the Court acts, we hope we can be involved as our client may be the only party who could be adversely impacted by disclosure of these proceedings being

The Honorable Valerie E. Caproni            -2-                         January 14, 2016

unsealed. I have spoken with both the Assistant U.S. Attorney and Mr. Silver's defense counsel who do not object to our involvement. We also request that this letter be put under seal as part of the Court's consideration of these issues.

  We appreciate the Court's attention and consideration.

Respectfully submitted,

/s/ Abbe David Lowell

Abbe David Lowell

cc: Carrie Cohen, Esq. (carrie.cohen@usdoj.gov)
   Joel Cohen, Esq. (jcohen@stroock.com)